IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



ANTONIOUS DOTSON, JR.,           §
TDCJ-CID No. 02074381,           §
                                 §
        Plaintiff,               §
                                 §
v.                               §       2:18-CV-232-Z-BR
                                 §
FNU HOLLAN et al.,               §
                                 §
        Defendants.              §

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983

against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed November 9, 2018.

Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"),

Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*.

For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint.

### FACTUAL BACKGROUND

Plaintiff alleges Defendants Hollan, Cooper, and Yates placed him inside of a segregated

offender cell with another inmate on May 10, 2018. ECF No. 3 at 4. Plaintiff claims Defendants

failed to properly supervise the cell, and that failure led to Plaintiff's assault by the other inmate.

*Id.* Specifically, Plaintiff claims Defendants failed to regularly conduct visual inspections of the

cell. *Id.* Plaintiff required 14 stitches following the assault. *Id.* Plaintiff also claims Defendants

failed to adequately train the officers regarding safety measures. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm inflicted by other inmates. Thus, prison officials can be held liable for their failure to protect an inmate — but only when they are deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Plaintiff alleges Defendants failure to abide by prison protocols directly led to his injuries. ECF No. 3 at 4. The failure to follow prison protocols alone is insufficient to establish a constitutional violation. *See Pearson v. William*, No. 20-40650, 2022 WL 39000, at *1 (5th Cir. Jan. 4, 2022); *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

"It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Instead, the standard to employ is whether prison officials were "deliberately indifferent" to the safety needs of an inmate. *Id.*; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Here, Plaintiff alleges the failure to regularly conduct supervision of the cell led to the assault. Plaintiff — however — fails to supply facts supporting his allegation that Defendants knew the assault would be likely to occur.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's Complaint failed to allege facts constituting deliberate indifference. Thus, Plaintiff has failed to state a claim upon which relief can be granted. The Court **DISMISSES** Plaintiff's Complaint.

3

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42

U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983

be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

February _18_, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4